# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

United States of America

v.

Aaron Michael Locks

Case No: 7:20-CR-00026-002

USM No: 15928-509

Date of Original Judgment: 08/31/2021
Date of Previous Amended Judgment: N/A
*(Use Date of Last Amended Judgment if Any)*

John Gee Edwards
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of ☐ the defendant ☐ the Director of the Bureau of Prisons ☒ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of 34 months **is reduced to** Time-served.

As noted, Locks was originally sentenced on August 11, 2021, to a term of imprisonment of 34 months custody and three years supervised release for the offense of Possession of a Firearm and Ammunition by a Convicted Felon. As calculated in the Presentence Report, Locks had a total offense level 17 and a criminal history category IV, which yielded an advisory sentencing range of 37-46 months. A two-level downward departure was granted for entering a guilty plea during the COVID-19 pandemic. The departure resulted in a total offense level 15 with a criminal history category IV, resulting in an advisory sentencing range of 30-37 months. Locks had a subtotal criminal history score of five. He received two additional criminal history points for being under a criminal justice sentence when he committed the instant offense. Based on retroactive Amendment 821 to the *United States Sentencing Guidelines*, defendants having a subtotal criminal history score of five, the Court could disregard the two criminal history points for being under a criminal justice sentence when he committed the instant offense. If the Court grants relief, the total criminal history score in this case would be five, which yields a criminal history category III. With the two level COVID departure, this would result in a total offense level 15 and a criminal history category III, which yields an advisory sentencing range of 24-30 months. Locks is scheduled to be released from custody on March 2, 2024. Any reduction of his sentence within the new advisory range would result in a sentence of time-served and he would be released from custody on February 1, 2024. His imprisonment is reduced to a sentence of time served.

Except as otherwise provided, all provisions of the judgment dated 08/31/2021 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 01/11/2024

s/Hugh Lawson
*Judge's signature*

Effective Date: 02/01/2024
*(if different from order date)*

Hugh Lawson, Senior U.S. District Judge
*Printed name and title*